IN THE CHANCERY COURT FOR HAMILTON COUNTY, TENNESSEE

| | | |
|---|---|---|
| INDUSTRIAL BOILER & MECHANICAL CO., INC. | ) ) ) | $1.08 - Cv - 180$ $CC$ |
| Plaintiff, | ) ) | Docket No. $08-0497$ |
| v. | ) ) | |
| | ) | PART |
| BRIDGEFIELD CASUALTY INSURANCE COMPANY, SUMMIT CONSULTING, INC. and BROCK INSURANCE AGENCY, INC. | ) ) ) ) | |
| Defendants. | ) | |

---

## COMPLAINT

---

COMES the Plaintiff, Industrial Boiler & Mechanical Co., Inc., and files this Complaint

against defendants and states as follows:

### PARTIES

1.      Industrial Boiler & Mechanical Co., Inc. ("Industrial Boiler") is a valid Tennessee

corporation with its principle place of business located at 3325 N. Hawthorne Street, Hamilton

County, Chattanooga, Tennessee.

2.      Bridgefield Casualty Insurance Company ("Bridgefield Insurance") is a Florida

corporation with its principle place of business located in Lakeland, Florida. Bridgefield

Casualty Insurance Company is properly licensed and registered to do business in the State of

Tennessee with license #92085 issued by the Tennessee Department of Commerce and

Insurance. Bridgefield Casualty Insurance Company may be served process through the

Tennessee Department of Commerce and Insurance.

*Exhibit B*

3.      Summit Consulting, Inc. is a Florida corporation with its principle place of business in Lakeland, Florida. Summit Consulting, Inc. may be served process through its registered agent, Corporation Service Company, 2908 Poston Avenue, Nashville, TN 37203.

4.      Brock Insurance Agency, Inc. ("Brock Insurance") is a Georgia corporation with its principle place of business located at 823 Chickamauga Ave., Rossville, Georgia. Brock Insurance Agency, Inc. is licensed to do business in the State of Tennessee. Brock Insurance Agency, Inc. may be served process through its registered agent, Dana Davis, at 38 Hidden Brook Lane, Signal Mountain, Tennessee 37377.

### JURISDICTION and VENUE

5.      This Court has jurisdiction over this cause of actions for negligence and negligent procurement due to all relevant actions by defendants having occurred in Hamilton County, Tennessee.

6.      This Court has jurisdiction over this breach of contract claim due all parties having entered into the contracts in Hamilton County, Tennessee.

7.      This Court has jurisdiction over the declaratory judgment action pursuant to T.C.A. § 29-14-101, *et seq.*

8.      This Court has proper venue for these claims in that all actions by the parties occurred in Hamilton County, Tennessee.

### FACTUAL ALLEGATIONS

9.      Industrial Boiler & Mechanical Co., Inc. ("Industrial Boiler") has been in the business of manufacturing, installing, maintaining and servicing boilers since 1990.

10.      Industrial Boiler has approximately 50 to 60 employees at any given time.

11.    Industrial Boiler's employees live and work throughout East Tennessee and North Georgia.

12.    Brock Insurance acted as an agent for and on behalf of Industrial Boiler to procure workers compensation insurance for Industrial Boiler's employees in both Tennessee and Georgia.

13.    Brock Insurance had detailed knowledge of Industrial Boiler's workforce and knew that Industrial Boiler had employees that worked in the state of Georgia.

14.    On or about January 5, 2006, Industrial Boiler filed a written application for workers compensation insurance through Industrial Boiler's agent, Brock Insurance.

15.    Industrial Boiler specifically and orally directed Brock Insurance to procure a workers compensation policy that covered employees in both Tennessee and Georgia.

16.    Attached as Exhibit A to this Complaint is a true and correct copy of the application filed by Industrial Boiler with Brock Insurance.

17.    The application for workers compensation insurance filed by Industrial Boiler on or about January 5, 2006, clearly directed both Bridgefield Insurance and Brock Insurance to provide workers compensation coverage in both Tennessee and Georgia.

*makes no mention of Comp*

18.    Based upon and in response to the application for workers compensation insurance filed by Industrial Boiler, defendant Brock Insurance procured a workers compensation insurance policy for policy period 4/1/06 to 4/1/07 with defendant Bridgefield Insurance.

19.    It has been alleged by Bridgefield Insurance that the policy attained by Brock Insurance for Industrial Boiler failed to provide workers compensation coverage for employees working in the State of Georgia.

Page 3 of 14

20.    Bridgefield Insurance has now alleged that the policy issued by Bridgefield

Insurance failed to provide workers compensation coverage for employees working in the State

of Georgia.

21.    On or about April 25, 2007, Bridgefield Insurance hired Summit Consulting, Inc.

to perform an audit of Industrial Boiler's payroll, employee classification and employee location

in order to adjust the insurance premium charged by Bridgefield Insurance to Industrial Boiler.

22.    Bridgefield Insurance's audit report (produced by Summit Consulting, Inc.)

described Industrial Boiler's operations as follows:

> "INSURED DOES BOILER SERVICING AND REPAIR FOR
> MAINLY THE CARPET INDUSTRY THE BOILERS
> PRODUCE STEAM FOR GENERATE ELECTRICITY AND
> THE INSURED REPAIRS RETUBING, VALVES, REPLACE
> PIPING – BY FEET, SERVICE THE CONTROLS TO
> EVALUATE MIXTURE OF CHEMICALS OF
> $CO_2$/OXYGEN..."

23.    Bridgefield Insurance and their auditor, Summit Consulting, Inc., knew or should

have known that the "CARPET INDUSTRY" and other customers which Industrial Boiler

serviced are located throughout the state of Georgia.

24.    Bridgefield Insurance and their auditor, Summit Consulting, Inc., listed in the

audit report dated April 25, 2007, all employees covered under the workers compensation policy

including, but not limited to, Marc Beck.

25.    Bridgefield Insurance and their auditor, Summit Consulting, Inc., knew or should

have known through their audit and knowledge of plaintiff's operations and plaintiff's

application for insurance that plaintiff needed and expected workers compensation coverage for

the state of Georgia.

26.    Bridgefield Insurance and their auditor, Summit Consulting, Inc., adjusted the original premium charged to Industrial Boiler based upon this audit dated April 25, 2007.

27    Bridgefield Insurance charged Industrial Boiler an additional $465.48 in workers compensation premium for the Second Quarter of 2006 ending July 31, 2006, due to the audit which revealed or should have revealed that Industrial Boilder's employees, including but not limited to, Marc Beck worked in the state of Georgia.

28.    Bridgefield Insurance charged Industrial Boiler an additional $187.02 in workers compensation premium for the Third Quarter of 2006 ending October 31, 2006, due to the audit which revealed or should have revealed that Industrial Boilder's employees, including but not limited to, Marc Beck worked in the state of Georgia.

29.    Bridgefield Insurance charged Industrial Boiler an additional $166.33 in workers compensation premium for the Fourth Quarter of 2006 ending January 31, 2006, due to the audit which revealed or should have revealed that Industrial Boilder's employees, including but not limited to, Marc Beck worked in the state of Georgia.

30.    Bridgefield Insurance charged Industrial Boiler an additional $1,869.17 in workers compensation premium for the First Quarter of 2007 ending April 30, 2007, due to the audit which revealed or should have revealed that Industrial Boilder's employees, including but not limited to, Marc Beck worked in the state of Georgia.

31.    After the first workers compensation policy expired and based upon the application for workers compensation insurance filed by Industrial Boiler, defendant Brock Insurance procured a second workers compensation insurance policy for policy period 4/1/07 to 4/1/08 with defendant Bridgefield Insurance.

32.     Bridgefield Insurance alleges that this second policy attained by Brock Insurance for Industrial Boiler failed to provide workers compensation coverage for employees working in the State of Georgia.

33.     Bridgefield Insurance alleges that this second policy issued by Bridgefield Insurance failed to provide workers compensation coverage for employees working in the State of Georgia.

34.     On or about June 5, 2008, Bridgefield Insurance hired Summit Consulting, Inc. to perform an audit of Industrial Boiler's payroll, employee classification and employee location in order to adjust the insurance premium charged  by Bridgefield Insurance to Industrial Boiler.

35.     Based upon this audit dated June 5, 2008, Bridgefield Insurance charged Industrial Boiler an additional $461.38 in workers compensation premium for the Second Quarter of 2007, an additional $503.73 in workers compensation premium for the Third Quarter of 2007, an additional $197.04 in workers compensation premium for the Fourth Quarter of 2007 and an additional $4,291.94 in workers compensation premiums for the First Quarter of 2008.

36.     These additional premium charges were due to the audit dated June 5, 2008, which revealed or should have revealed that Industrial Boiler's employees, including but not limited to, Marc Beck worked in the state of Georgia.

37.     On or about January 14, 2008, Marc Beck was an employee for Industrial Boiler and was assigned to work at a facility owned by a customer of Industrial Boiler in the State of Georgia.

38.     On or about January 14, 2008, Marc Beck was severely injured while working for Industrial Boiler in the state of Georgia.

39     Industrial Boiler gave immediate notice to Bridgefield Insurance of the injuries to Marc Beck and the possible claim to be filed by Marc Beck.

40.     Marc Beck filed a workers compensation claim in the State of Georgia in June, 2008, based upon the severe injuries he received on January 14, 2008.

41.     In June, 2008, Industrial Boiler asked Bridgefield Insurance to defend the workers compensation claim filed by Marc Beck under the workers compensation policy issued by Bridgefield Insurance.

42.     Defendant Bridgefield Insurance has denied coverage and refused to defend Industrial Boiler from the workers compensation claim filed by Marc Beck in the State of Georgia.

### COUNT 1:    Declaratory Judgment

43.     Pursuant to T.C.A. § 29-14-101, et seq. plaintiff asks this Court for a judgment declaring the contractual obligations of Bridgefield Insurance and the contractual rights of the plaintiff as a Tennessee corporation which purchased a Bridgefield Insurance policy in Tennessee.

44.     Plaintiffs ask this Court to enter an Order declaring that the workers compensation policy issued by Bridgefield Insurance covers workers compensation claims filed by Industrial Boiler's employees in both Tennessee and Georgia, including but not limited to the claim filed by Marc Beck.

### COUNT 2:    Breach of Contract against Defendant Bridgefield Insurance

45.     Bridgefield Insurance should have provided a workers compensation insurance policy that included coverage for Georgia claims pursuant to plaintiff's application which specifically indicated the need for workers compensation coverage in the state of Georgia.

46.     Bridgefield Insurance effectively modified the workers compensation insurance policy to include claims filed by Industrial Boiler employees in the state of Georgia when Bridgefield audited and investigated plaintiff's operations, determined that some of plaintiff's employees worked in Georgia and then adjusted the premium charged to plaintiff for workers compensation coverage.

47.     Bridgefield Insurance breached the contract and insurance policy issued to Industrial Boiler when Bridgefield Insurance refused to defend the workers compensation claim filed by Marc Beck.

48.     As a direct and proximate result of the breach of contract by Bridgefield Insurance, Industrial Boiler has incurred damages including but not limited to legal fees and liability for workers compensation claims, including but not limited to the claim filed by Marc Beck.

49.     Bridgefield Insurance has effectively waived and is estopped from claiming that the policy issued to plaintiff does not cover workers compensation claims in Georgia, including but not limited to the claim of Marc Beck.

COUNT 3:    Negligence of Defendant Bridgefield Insurance

50.     Bridgefield Insurance owed a duty to plaintiff to respond to plaintiff's application for insurance by providing a workers compensation insurance policy that covered workers compensation claims filed in the state of Georgia.

51.     When Bridgefield Insurance issued a policy to plaintiff at the beginning of a policy term, Bridgefield Insurance estimated the potential risk or exposure based upon assumptions or estimates of plaintiff's operations, work force, payroll, employee classification and employee location.

Page 8 of 14

52.     Audits, like the one performed by Bridgefield Insurance on plaintiff, are an industry practice designed to adjust insurance premiums at the end of a policy term based upon changes or more accurate assessments of plaintiff's operations, work force, payroll, employee classification and employee location.

53.     Bridgefield Insurance owed a duty to plaintiff to not only adjust the premium to cover unexpected risks, but also to adjust the coverage if the audit revealed new employees, different classifications or different employee locations.

54.     Bridgefield Insurance owed a duty to plaintiff to inform plaintiff if the audit dated April 25, 2007, revealed that certain employees of plaintiff were not covered under insurance policy issued to plaintiff.

55.     Bridgefield Insurance's refusal to extend workers compensation coverage to plaintiff's employees working in Georgia after reviewing the audit dated April 25, 2007, constitutes a breach of the duty owed to plaintiff.

56.     Bridgefield Insurance's failure to inform plaintiff that the audit dated April 25, 2007, revealed that certain employees of plaintiff were not covered by the insurance policy in issue constitutes a breach of the duty owed to plaintiff.

57.     Bridgefield Insurance's negligence in providing coverage to plaintiff's Georgia employees or to inform plaintiff that said Georgia employees were not covered was the direct and proximate cause of damages incurred by plaintiff.

COUNT 4:     Negligence of Defendant Summit Consulting, Inc.

58.     Plaintiff was an intended beneficiary of the audit performed by Summit Consulting, Inc.

59.     Summit Consulting, Inc. owed a duty to plaintiff to respond to plaintiff's application for insurance by providing a workers compensation insurance policy that covered workers compensation claims filed in the state of Georgia.

60.     Audits, like the one performed by Summit Consulting, Inc. on plaintiff, are an industry practice designed to adjust insurance premiums at the end of a policy term based upon changes or more accurate assessments of plaintiff's operations, work force, payroll, employee classification and employee location.

61.     Summit Consulting, Inc. owed a duty to plaintiff to not only adjust the premium to cover unexpected risks, but also to advise Bridgefield Insurance and plaintiff to adjust the coverage if the audit revealed new employees, different classifications or different employee locations.

62.     Summit Consulting, Inc. owed a duty to plaintiff to inform plaintiff if the audit revealed that certain employees of plaintiff were not covered under the insurance policy issued to plaintiff.

63.     Summit Consulting, Inc.'s failure to adjust the premium to include coverage for workers compensation coverage to plaintiff's employees working in Georgia after completing the audit constitutes a breach of the duty owed to plaintiff.

64.     Summit Consulting, Inc.'s failure to inform plaintiff that the audit revealed that certain employees of plaintiff were not covered by the insurance policy constitutes a breach of the duty owed to plaintiff.

65.     Summit Consulting, Inc.'s negligence in failing to inform plaintiff that said Georgia employees were not covered was the direct and proximate cause of damages incurred by plaintiff.

66.     Summit Consulting, Inc.'s negligence in failing to adjust the premium to include coverage for plaintiff's employees working in Georgia was the direct and proximate cause of damages incurred by plaintiff.

67.     At all relevant times, Summit Consulting, Inc. was acting on behalf of and as the agent for Bridgefield Insurance.

68.     Bridgefield Insurance is liable for the negligence of Summit Consulting, Inc.

### COUNT 5:     Negligence of Defendant Brock Insurance

69.     Brock Insurance owed a duty to plaintiff to provide the coverage that plaintiff asked for orally and in the application for insurance, including but not limited to workers compensation coverage for employees working in Georgia.

70.     Brock Insurance failure to procure a workers compensation insurance policy that would cover plaintiff's employees who work in Georgia constituted a failure or breach of the duty owed to plaintiff.

71.     Brock Insurance failed to exercise reasonable care and diligence in continuing the insurance coverage.

72.     Brock Insurance failed to inform plaintiff that it had failed to procure the workers compensation coverage for Georgia claims as requested by plaintiff.

73.     Insurance coverage was available for Brock Insurance to procure coverage for plaintiff's employees working in Georgia.

74.     As a direct and proximate result of Brock Insurance's failure to procure workers compensation insurance coverage for plaintiff that covered Georgia employees, including but not limited to Marc Beck, plaintiff has incurred significant damages. Specifically, plaintiff may have to pay claims by Marc Beck and pay attorney's fees to defend the claim filed by Marc Beck.

75.    As a direct and proximate result of Brock Insurance's failure to inform plaintiff that Brock Insurance had failed to procure workers compensation coverage for employees working in Georgia, plaintiff has incurred significant damages. Specifically, plaintiff may have to pay claims by Marc Beck and pay attorney's fees to defend the claim filed by Marc Beck.

COUNT 6:    Breach of Contract against Defendant Brock Insurance

76.    Plaintiff and Brock Insurance had a valid and enforceable contract, express or implied, that Brock Insurance would procure workers compensation insurance for plaintiff; and plaintiff would purchase said insurance thereby causing Brock Insurance to earn a commission.

77.    This contract between Brock Insurance and plaintiff required Brock Insurance to procure a workers compensation insurance policy for plaintiff that covered both Tennessee and Georgia claims for workers compensation.

78.    Brock Insurance breached this contract by failing to procure a workers compensation insurance policy that effectively covered claims by plaintiffs employees for workers compensation benefits in the state of Georgia.

79.    As a direct and proximate result of Brock Insurance's breach of contract, Industrial Boiler has incurred damages including but not limited to legal fees and liability for workers compensation claims, including but not limited to the claim filed by Marc Beck.

WHEREFORE, the plaintiff prays:

1.              For a judgment declaring the contractual obligations of Bridgefield Insurance and the contractual rights of the plaintiff as Tennessee resident who purchased a Bridgefield Insurance policy in Tennessee.

Page 12 of 14

2.      For a judgment declaring that Bridgefield Insurance should provide insurance coverage for workers compensation claims filed in Georgia against Plaintiff, including but not limited to the claim filed by Marc Beck.

3.      For a judgment against Bridgefield Insurance for breach of contract for damages including but not limited to legal fees and liability for workers compensation claims, including but not limited to the claim filed by Marc Beck.

4.      For a judgment against Bridgefield Insurance for negligence causing plaintiff damages including but not limited to legal fees and liability for workers compensation claims, including but not limited to the claim filed by Marc Beck.

5.      For a judgment against Brock Insurance for breach of contract for damages including but not limited to legal fees and liability for workers compensation claims, including but not limited to the claim filed by Marc Beck.

6.      For a judgment against Brock Insurance for negligence causing plaintiff damages including but not limited to legal fees and liability for workers compensation claims, including but not limited to the claim filed by Marc Beck.

7.      For a judgment against Summit Consulting, Inc. for negligence causing plaintiff damages including but not limited to legal fees and liability for workers compensation claims, including but not limited to the claim filed by Marc Beck.

8.          For such other general relief to which the plaintiff may be entitled.

Respectfully submitted,

**SAMPLES, JENNINGS, RAY & CLEM, PLLC**

BY: _____
            HOYT O. SAMPLES, TN BPR# 6765

_____
            J. CHRISTOPHER CLEM, TN BPR # 015793
Attorneys for Plaintiff
130 Jordan Drive
Chattanooga, TN 37421
(423) 892-2006
Fax: (423) 892-1919
hsamples@sampleslaw.com
cclem@sampleslaw.com

# ACORD® WORKERS COMPENSATION APPLICATION

| | DATE |
|---|---|
| | 01/03/2006 |

| PRODUCER | PHONE (A/C, No, Ext) (706)866-3394 | COMPANY | | UNDERWRITER |
|---|---|---|---|---|
| | FAX (706)861-4619 | | | |

Brock Insurance Agency, Inc
823 Chickamauga Avenue
P.O. Box 460
Rossville, GA 30741

APPLICANT NAME: Industrial Boiler & Mechanical Company, Inc

MAILING ADDRESS: 3325 N. Hawthorne Street
SENDING ZIP code: P.O. Box 5100    Chattanooga, TN 37406    Hamilton

| YRS IN BUS | SIC | INDIVIDUAL | CORPORATION | LIMITED CORP |
|---|---|---|---|---|
| | | PARTNERSHIP | SUBCHAPTER S CORP | OTHER |

| CODE: | SUB CODE: |
|---|---|

AGENCY CUSTOMER ID
00001946

| CREDIT BUREAU NAME: | | ID NUMBER: |
|---|---|---|
| FEDERAL EMPLOYER ID NUMBER | NCCI ID NUMBER | OTHER RATING BUREAU ID OR STATE EMPLOYER REGISTRATION NUMBER |
| 62-1425853 | | |

## STATUS OF SUBMISSION

| QUOTE | ISSUE POLICY |
|---|---|
| BOUND (Give date and/or attach copy) | |
| ASSIGNED RISK (Attach ACORD 133) | |

## BILLING/AUDIT INFORMATION

| BILLING PLAN | PAYMENT PLAN | | AUDIT | |
|---|---|---|---|---|
| AGENCY BILL | ANNUAL | OTHER | AT EXPIRATION | MONTHLY |
| DIRECT BILL | SEMIANNUAL | | SEMI-ANNUAL | OTHER |
| | QUARTERLY | % DOWN: | QUARTERLY | |

## LOCATIONS

| # | STREET CITY COUNTY STATE ZIP CODE |
|---|---|
| 00001 | 3325 N. Hawthorne Street  Chattanooga Hamilton TN 37406 |
| 00002 | 3313 N. Hawthorne Street  Chattanooga Hamilton TN 37406 |
| 00003 | 3315 N. Hawthorne Street  Chattanooga Hamilton TN 37406 |

## POLICY INFORMATION

| PROPOSED EFF DATE | PROPOSED EXP DATE | NORMAL ANNIVERSARY RATING DATE | PARTICIPATING | RETRO PLAN |
|---|---|---|---|---|
| 04/01/2006 | 04/01/2007 | | NON-PARTICIPATING | |

| PART 1 - WORKERS COMPENSATION (States) | PART 2 - EMPLOYERS LIABILITY | | PART 3 - OTHER STATES INS | DEDUCTIBLES | AMOUNT: | OTHER COVERAGES | | MANAGED CARE OPTION |
|---|---|---|---|---|---|---|---|---|
| TN, GA | $ 1,000,000 | EACH ACCIDENT | | MEDICAL | | U.S.L.&H. VOLUNTARY COMP | | ARFM |
| | $ 1,000,000 | DISEASE-POLICY LIMIT | | INDEMNITY | | | X | PDIS |
| | $ 1,000,000 | DISEASE-EACH EMPLOYEE | | | | FOREIGN COV | X | PDIS |
| DIVIDEND PLAN/SAFETY GROUP | ADDITIONAL COMPANY INFORMATION | | | | | | | |

## RATING INFORMATION

| STATE | LOC | CLASS CODE | COMPANY USE | CATEGORIES, DUTIES, CLASSIFICATIONS | # EMPLOYEES FULL TIME | PART TIME | ESTIMATED ANNUAL REMUNERATION | RATE | ESTIMATED ANNUAL PREMIUM |
|---|---|---|---|---|---|---|---|---|---|
| | | | | Boiler Installation | | | | | |
| TN | 1 | 3726 | | | | | 33,946 0.00000 | | 0.00 |
| | | | | Clerical | | | | | |
| TN | 1 | 8810 | | | | | 548,953 0.00000 | | 0.00 |
| | | | | Sales | | | | | |
| TN | 1 | 8742 | | | | | 192,289 0.00000 | | 0.00 |
| | | | | Plumbing NOC | | | | | |
| TN | 1 | 5183 | | | | | 151,142 0.00000 | | 0.00 |

SPECIFY ADDITIONAL COVERAGES/ENDORSEMENTS

| | FACTOR | FACTORED PREMIUM |
|---|---|---|
| TOTAL | | $ |
| INCREASED LIMITS | | $ |
| DEDUCTIBLE | | $ |
| EXPERIENCE MODIFICATION | | $ |
| LOSS CONSTANT | | $ |
| ASSIGNED RISK SURCHARGE | | $ |
| ARAP | | $ |
| PREMIUM DISCOUNT | | $ |
| EXPENSE CONSTANT | | $ |
| | | $ |

| MINIMUM PREMIUM | $ | DEPOSIT PREMIUM | $ | TOTAL EST. ANNUAL PREMIUM | $ |
|---|---|---|---|---|---|

ACORD 130 (7/98)                    PLEASE COMPLETE REVERSE SIDE

EXHIBIT

A

## INDIVIDUALS INCLUDED/EXCLUDED

PARTNERS, OFFICERS, RELATIVES TO BE INCLUDED OR EXCLUDED (Remuneration to be included must be part of rating information section.)

| NAME | DATE OF BIRTH | TITLE/RELATIONSHIP | OWNERSHIP % | DUTIES | INC/EXC | CLASS CODE | REMUNERATION |
|---|---|---|---|---|---|---|---|
| randy massengill | | pres | 80 | | Inc | | |
| pam massengill | | sec/trea | 0 | | Exc | | |
| sandra tuder | | controller | 10 | | Inc | | |
| john smith | | estimator | 10 | | Inc | | |

## PRIOR CARRIER INFORMATION/LOSS HISTORY

PROVIDE INFORMATION FOR THE PAST 5 YEARS AND USE THE REMARKS SECTION FOR LOSS DETAILS          LOSS RUN ATTACHED

| YEAR | CARRIER & POLICY NUMBER | ANNUAL PREMIUM | MOD | # CLAIMS | AMOUNT PAID | RESERVE |
|---|---|---|---|---|---|---|
| | CO: POL #: | | | | | |
| | CO: POL #: | | | | | |
| | CO: POL #: | | | | | |
| | CO: POL #: | | | | | |
| | CO: POL #: | | | | | |
| | CO: POL #: | | | | | |

## NATURE OF BUSINESS/DESCRIPTION OF OPERATIONS

## GENERAL INFORMATION

### CONTACT INFORMATION

ACCTNG PHONE: (423)629-1117   NAME: Sandra Tuder

## IN THE CHANCERY COURT FOR HAMILTON COUNTY, TENNESSEE

| | | |
|---|---|---|
| INDUSTRIAL BOILER & MECHANICAL CO., INC. | ) | |
| | ) | |
| Plaintiff, | ) | Docket No. _____ |
| | ) | |
| v. | ) | |
| | ) | PART _____ |
| BRIDGEFIELD CASUALTY INSURANCE COMPANY, SUMMIT CONSULTING, INC. and BROCK INSURANCE AGENCY, INC. | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## COST BOND

        We hereby acknowledge and bind myself for the prosecution of this action and payment of all non-discretionary costs in this Court, which may at any time be adjudged against the Plaintiff in the event the Plaintiff shall not pay them.

        Witness my hand this ___27th___ day of ___June___, 2008.

        SURETY:

        SAMPLES, JENNINGS, RAY & CLEM, P.L.L.C.

        By: _____
           (Hoyt O. Samples)    BPR No. 6765

        By: _____
           (J. Christopher Clem) BPR No. 015793
        130 Jordan Drive
        Chattanooga, Tennessee 37421-6731
        Telephone: 423/892-2006